Beatrice S. Burstein, J.
The varieties of society’s experience with crime defy precise classification. Only a ubiquitous Legislature and a law-making judiciary, acting without constitutional restraint, can cope with the ingenuity of people who, unlike the conventional criminal, are victims of a compulsion for self-destruction. A body of law which does, indeed, concern itself with every “part of human conduct ” (Justice Breitel, “ The Lawmakers ”, 65 Col. L. Rev. 749, 755 [1965]) cannot and docs not regulate all areas of human behavior. As a consequence, the silence of the law permits conduct which society does not sanction and moral codes reject.
The information in this case alleges that the defendants violated section 43 of the Penal Law of the State of New York in that, while in a parked car, they were engaged in sniffing glue.
Section 43 was designed to reach acts not proscribed by specific statutes. In essence, it prohibits acts which injure the personal property of another or which seriously disturb the public peace or health or which openly outrage public decency.
Defendant ‘1 Anonymous ’ ’ demurs to the information. I conclude, regretfully, that the demurrer must he sustained hut I cannot summarily dismiss the information without brief comment on the implications of this case.
Courts may fill the interstices of vague and ambiguous statutes (Linkletter v. Walker, 33 U. S. L. W. 4576, 4578 [1965]) hut they cannot enact a statute, particularly in the field of crimes, where the Legislature has failed to act and the failure is palpable.
*787 The- acts charged in the information plainly offend against moral standards and reflect, perhaps, a drive by a handful of young people, bent either upon escape or rebellion, to experiment with new forms of antisocial adventure, but they do not constitute a crime.
The sniffing of glue is self-evidently injurious to health. Medical evidence is persuasive that a glue sniffer will die of an overdose, and, in every case, glue sniffers suffer severe physical disabilities leading, inevitably, to death. Moreover, acts of vandalism have been traced to glue sniffers and psychologists attribute these and other criminal acts to the habit.
Glue sniffing has become a national problem, and legislators in all States have been alerted to it. Under the Public Health Law of the State of New York, glue is not classified as a narcotic, despite the fact that it produces addictive habits of the most dangerous kind. Unfortunately, no other statute deals with this harmful practice. In a real sense, the habit is the equivalent of attempted suicide, for which our law prescribes no penalty.
In the course of the review of the available medical and sociological data, this court reviewed pending legislation designed to restrict, limit and punish the practice of glue sniffing. One bill likely to be enacted in New York will restrict the sale, by a wholesaler and a retailer, of glue alone. There are no penalties provided for the possession of glue. Absent such legislation, the practice of glue sniffing will not be arrested.
While the proliferation of statutes to prevent crimes is not a recommended practice or an accepted philosophy of penology, our Legislature cannot be insensitive to the fact that a statute of limited ambit will not produce salutary results. Since the glue sniffing habit is not only dangerous to the user but a threat to the security of the community, something more is needed.
Crime is both a challenge and rebuke to society but it is especially so when the offenders are principally young people who can be rescued. This suggests that courts and legislators must direct their efforts toward the development of programs to deter the user of glue and to rescue addicts. To be sure, penal sanctions alone will not reach the problem but it must be evident now that the absence of sanctions either encourages, or creates a climate for, the commission of antisocial acts.
The proportions of the problem, as well as its threatened growth, point up the imperative need for prompt and effective action by the Legislature. Until the Legislature acts, this court is powerless. Accordingly, the information must be dismissed.